UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JUAN CARLOS BONILLA VALLADARES,

Defendant.

20-mj-04462-UA
**ORDER**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

Juan Carlos Bonilla Valladares ("Defendant") was arrested on a Complaint issued from this District and presented before me on May 11, 2022. At the proceeding, I reviewed a Financial Affidavit submitted by the Defendant that purported to describe the Defendant's financial circumstances. (ECF No. 4.) Based on the Financial Affidavit, I determined that the Defendant qualified for court-appointed counsel pursuant to the Criminal Justice Act ("CJA"), 18 U.S. Code § 3006A. (ECF No. 5.) The Financial Affidavit was filed under seal.

On May 11, 2022, Matthew Russel Lee ("Lee"), a reporter with Inner City Press, filed a letter intervening on behalf of the public and requesting that the Financial Affidavit be unsealed. (ECF No. 6.) Lee argued that the First Amendment to the United States Constitution guarantees the public a right to access judicial documents such as the Financial Affidavit, and that unsealing the Financial Affidavit is consistent with precedent in this Circuit. On May 12, 2022, I ordered the Defendant and the Government to file any responses to Lee's request by May 20, 2022. Neither party filed a response.

For the reasons that follow, I find that the Financial Affidavit should be unsealed.

1

**DISCUSSION**

The First Amendment provides the public with a qualified right to access a wide variety of judicial documents filed in connection with criminal proceedings.  *United States v. Avenatti*, 550 F. Supp. 3d 36, 44 (S.D.N.Y. 2021) (collecting cases).[1]  That right applies to financial affidavits such as the one at issue.  *Id.* at 46 (finding that there is a "qualified First Amendment right of access to [a] Financial Affidavit[]"submitted to assist the court in determining whether a defendant is eligible for court-appointed counsel); *see also United States v. Suarez*, 880 F.2d 626, 629 (2d Cir. 1989) (finding that there is a First Amendment right to access "CJA forms on which judicial officers have approved payments to attorneys").

Where, as here, the "First Amendment framework applies, continued sealing of the document[] may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).  As there are no "on-the-record findings that sealing is necessary," and insofar as no objections to unsealing have been made, continued sealing of the Financial Affidavit is not appropriate.  *Id.*; *see also Avenatti*, 550 F. Supp. 3d at 46 (granting request to unseal defendant's financial affidavit).

**CONCLUSION**

For the reasons set forth above, Lee's request to unseal the Financial Affidavit (ECF No. 6) is GRANTED. The clerk of the court is directed to unseal the document at issue (ECF No. 4).

---

[1] As a public journalist, Lee has standing to intervene in this matter and assert the public's First Amendment right to access judicial documents.  *Id.* at 44, n.2; *see also United States v. Aref*, 533 F.3d 72, 81 (2d Cir. 2008) (holding that a motion to intervene to assert the public's First Amendment right of access to criminal proceedings is proper).

**SO ORDERED.**

Dated: May 25, 2022
       New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge